**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

vs.

MARSHALL LOUIS WASHINGTON,

     Defendant-Appellant.

No. 96-8047
(D.C. No. 95-CR-57-4-J)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

Mr. Washington pled guilty to conspiracy to possess with intent to distribute and distribution of various controlled substances and was sentenced to 90 months imprisonment and four years supervised release. 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 846. Prior to sentencing, he sought leave to withdraw his guilty plea on the grounds of newly discovered evidence. He contended that his arrest, which led to a search incident

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

to arrest and discovery of contraband, was the result of execution of an invalid state bench warrant. The bench warrant was issued after Mr. Washington failed to respond to an order to show cause, however, the order was not served upon Mr. Washington, although one attempt was made.

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion, reversing only if the district court's decision was unjust or unfair. United States v. Carr, 80 F.3d 413, 419 (10th Cir. 1996). Had the district court determined that Mr. Washington's position on the bench warrant had merit, it would have allowed withdrawal. R. Vol. Six, Tr. 58 (3/28/96 hearing). We need not discuss all of the factors normally attendant to withdrawal of a guilty plea, see United States v. Guthrie, 64 F.3d 1510, 1513 (10th Cir. 1995), because the district court was correct that the bench warrant was valid even though the underlying show cause order indicated only one unsuccessful attempt at service. See Wyo. R. Cr. P. 42(c)(3). Having stopped Mr. Washington on suspicion of driving under the influence, the arresting officer's reliance on the bench warrant was objectively reasonable. See Arizona v. Evans, 115 S. Ct. 1185, 1193-94 (1995). Thus, the arrest and search incident to arrest are not deficient and the district

court did not abuse its discretion in holding Mr. Washington to his plea.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge